# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>SELMA POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 1:18-cv-00602-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2, 4, 6)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## PROCEDURAL HISTORY

Plaintiff Clemente Gonzalez, proceeding pro se, filed this action on May 2, 2018. (ECF No. 1.) Along with his complaint, Plaintiff filed an application to proceed in this action without prepayment of fees. (ECF No. 2.) The Court found that the motion to proceed in forma pauperis was not adequately completed because Plaintiff stated he was self-employed and was receiving unemployment but did not state the amounts that he received from these sources. An order issued requiring Plaintiff to file a long form application to proceed in forma pauperis.

On May 16, 2018, Plaintiff filed a motion to proceed in forma pauperis. Upon review of the application, the Court found that Plaintiff had not included his unemployment income in the application. Further, Plaintiff stated that he did not know his spouse's income and the expenses

that he claimed for her were very high. For example, Plaintiff claimed that their rent or mortgage was only $350.00 per month but they spent $1,500.00 a month on home maintenance. Plaintiff also stated that they spend $2,000.00 per month on clothing, $3,000.00 per month on medical and dental expenses as well as $2,000.00 per month on health insurance, and $2,600.00 per month on vehicle insurance. Based on Plaintiff's application, in order to pay the monthly expenses listed in the application, the monthly income in his household would be over $12,500.00 and the ability to spend $2,000.00 per month on clothing would indicate that Plaintiff is not entitled to proceed in this action without prepayment of fees.

The Court required Plaintiff to file supplemental briefing addressing why he did not included his unemployment income in the application, the monthly expenses for his household and, if he is unable to state his wife's income, information on her profession such as her job title, where she is employed, and the number of hours that she works per week. On May 29, 2018, Plaintiff filed a response.

**II.**

**DISCUSSION**

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff's initial application states that his wife, daughter, son, and stepson depend on him for support. (ECF No. 2 at 2.[1]) The 2018 Poverty Guidelines for the 48 contiguous states for a household of five is $29,420.00. 2018 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 31, 2018).

In his supplement, Plaintiff includes an explanation of the family expenses and includes a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

two-week earning statement for his spouse. Based on the information included in the May 16, 2018 application to proceed without prepayment of fees and the response filed on May 29, 2018, Plaintiff's family income is well above the poverty level. Plaintiff's spouse has a gross income of $1980.77 every two weeks. (Earnings Statement, ECF No. 6 at 3.) Plaintiff's spouse's gross yearly income is $51,500.02. Plaintiff does side jobs to bring money into the household and brings in between $3,600.00 and $7,200.00 per year. (ECF No. 2 at 2; ECF No. 4 at 2; ECF No. 6 at 2.) Therefore, the gross monthly income would be at least $4,591.67 per month.

Further, considering Plaintiff's supplemental briefing explaining the expenses set forth on the application to proceed without prepayment of fees, the family has the following expenses:

| Expense | Amount |
|---|---|
| Rent | $350.00 |
| Utilities | $300.00 |
| Home Maintenance | $125.00 |
| Food | $400.00 |
| Clothing | $167.00 |
| Laundry/Dry Cleaning | $100.00 |
| Medical and Dental Expenses | $250.00 |
| Transportation | $120.00 |
| Recreation | $200.00 |
| Health Insurance | $167.00 |
| Automobile Insurance | $217.00 |
| Total Expenses | $2,396.00 |

When taking into consideration Plaintiff's spouse's net income of $2,942.72 per month plus whatever Plaintiff brings in on his side jobs, the family has approximately $650.00 in excess income each month indicating the ability to pay the filing fee of $400.00 in this action. Further, based on Plaintiff's statements in the documents presented, he has access to this income. In his original application, Plaintiff stated that when he works he contributes between $500-600 a month to the household. (ECF No. 2 at 2.) In the long form application, Plaintiff has no expenses and all expenses for the family are listed under his spouse. (ECF No. 4 at 4.) Based on this information, all Plaintiff's living expenses are paid out of the family fund, indicating that he has access to this money. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

Plaintiff states that he has been unemployed for six months and that he only has $20.00 in his bank account and pocket, but whether Plaintiff is able to pay the filing fee is not dependent upon his employment or the money on his person. Here, the record demonstrates that Plaintiff's

3

1  expenses are paid out of the family income and he has access to this money.  Additionally, while
2  Plaintiff states that it would be a hardship on his family to have to pay the filing fee, the record
3  demonstrates that the family has over $650.00 in income each month that is not committed to
4  other expenses.

5      Therefore, the Court finds that Plaintiff's application to proceed in forma pauperis
6  demonstrates that Plaintiff is able to pay the $400.00 filing fee in this action.

## III.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff is not eligible to proceed in forma pauperis under 28 U.S.C. § 1915.  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 31, 2018**

UNITED STATES MAGISTRATE JUDGE